*14 OPINION of the Court, by
Ch. J. Boyle .
Alex, ander Breckenridge, being possessed of a large real and personal estate, by his last will and testament, bearing, date the loth of May 1797, made the following devise, to wit: “I give to my beloved wife Jenny Breckenridge, to her and her heirs forever, all my estate, real and personal, except such as will hereafter be disposed of, \Vhich is to. ftdlil any contracts I may have made for tire convey a.nce of lots of lands and then gav e several specific tracts of land to, liis three sons. Alexander Breckenridge having afterwards died, Mrs. Breckenridge, in June 1801, proved the will and qualified as executrix ; and she having some years thereafter died, the appellee, as administrator de bonis non of A. Breckenridge, brought an action of detinue against the appellant for sundry-slaves of which the testator died possessed, aqd which came to the hands of the appellant after the death of Mrs. Breckenridge the, executrix. The cause was tried upon the general issue, and a verdict and judgment were obtained by the appellee; from which this appeal is prosecuted.
In the progress of the trial in the court below, various points were made, and sundry exceptions taken to the decisions of that court. The main question, however, is, whether the appellee has shewn himself entitled to recover the slaves in contest ?
In the investigation of this question, we shall notice such of the subordinate points made in flie case as are deemed material.
It is clear that an administrator de bonis non is entitled to all the personal estate of the testator or intestate, which remains in specie, and the property of which has not been changed by the first executor or administrator —1 Salk. 106 — Bac. Abr. title Executor and Administrator, letter B.
According to this doctrine, whatever was assets in the hands of the first executor or administrator, will be as, sets in the hands of the administrator de bonis nan, un. *15 ⅜⅛⅜ the property therein has beén changed in the course Of administration. The first inquiry we shall then make, is, whether the slaves in Contest were assets in the hands of the executrix of the testator ?
In making this inquiry, we shall not take into consideration the act of 1800, which provides that as respects last wills and testaments, slaves shall thereafter be held and deemed real estate, and shall pass thereby in the Same manner and tinder the same regulations as landed property ; because it is probable, from the' date of the w ill and the time probate was granted, that the testator died prior to the passage of that act, and because if the fact was otherwise, it ought to have been made to appear by the bill of exceptions, and not having been made so to appear, the party excepting cannot avail himself of it.
By the laws in force prior to the passage of the act of 1800, slaves were declared to be real estate, but under Various modifications. They w ere made liable to execution as personal estate ; they might be recovered in personal actions ; they might be sold without writing; they would pass by a will in writing, or by a nuncupative will, in the same manner as a chattel, and a remainder therein could be limited no otherwise than it could in a personal chattel; and they might be sold by executors dr administrators for the payment of debts.
From these provisions the inference is strong, that it Was the intention of the legislature that slaves should be assets in the hands of executors or administrators. That they should be so, either in their hands or those of the heir, is evident; but to make them assets in the hands of the heir, would not completely obtain the objects of the law: for they are made liable to debts, whensoever contracted, and whether the heir is bound or not; hut upon a contract made prior to 1792, the heir, unless he was expressly hound, is not liable to be sued; and therefore to make slaves assets in the hands of the heir, and not in those of the executor or administrator, Would in effect exempt them frota the payment of that description of debts. Besides, to make them assets in the h ands of the heir, would be incompatible with the right of the executor to sell them for the payment of debts; and still more so with the principle which has been sanctioned by this court, (a) as well as the court of appeals in Tir-ginia, that a bona Jide purchaser will hold a slave Sold fy an executor or administrator, againstthe devisee or *16 distribiitee, although the sale may not have been neceá-feary for the payment of debts. It is, furthermore, a strong argument in favor of considering them ah assets in the hands of the executor or administrator, and not of the heir, that they have been uniformly so treated in practice.
Upon the whole, therefore* wé conclude that the slaves ⅛ contest were on the death of the testator assets in the hands of the executrix,(a) and that consequently if the property in them has not been changed by some act of hers, they will go to the administrator dé bonis nan. Wé are then led to the inquiry, whether any such act has been done by bar ? It is not pretended that she sold them, or otherwise parted with them, in the course of adminis* tration; but it is contended that she had a right to them as devisee, and that she held them in that character, and not as executrix.
The general rule is, that where a thing is devised or bequeathed to an executor, that he will hold it as an éxé-tutor, until he makes his election to take it as devisee — * 1 Com. Dig. S83, and the authorities there cited. An election may be express or implied j but in this case there is no express election shewn to have been made by the executrix to take as deviseé, nor is any act proven ta have been done by her from which such an election flight be implied. It results, therefore, that she held them as executrix, an,d not as devisee: at least there ⅛ nothing in the reéortl from which a contrary inference Can be deduced.
While on this branch of the case, it may be proper ti» mention a point which was apparently deemed by both parties to be of great importance. It was contended upon the part of the appellee, and denied on that of the appellant, that the devise to Mrs. Breekenridge was conditional ; that is, upon condition that she should fulfil the testator’s contracts for land. And for the purpose of shewing that the devise had become void by a failure to comply with the condition, the appellee produced evidence in the court below, of the existence of contracts of that kind which had not been complied with $ to the admission of which evidence the appellant excepted. But If the view which We have taken of the case be correct, it is obvious that this point is immaterial: for the validity- of the devise cannot afl’ect the right of the appellee to recover in this cas©; unless the executrix had made au *17 tlcctioa to take as devisee. But no evidenceRaving been produced of her having done so, that produced tin the parí of the appellant was irrelevant; and any ópi-nion upon the construction of the will, would be extrajudicial; As, however, the evidence upon this point was irrelevant, it was evidently objectionable on that score, and the court erred in admitting it. On this ground, therefore, the judgment must be réversed.
Another point which seems material to be noticed, is, whether it was necessary for the plaintiff to produce a certificate or other evidencfe of his having obtained letters of administration de bonis noil ?
There is some apparent contrariety of authority upon this point, but when properly understood, the cases may, we apprehend, be reconciled. The distinction seems to be between cases where the executor or administrator declares upon his own possession, and those where he declares upon the possession of his testator or intestate. In the former case it is held to be necessary, upon the general issue, for him to prove that he is executor or administrator, unless he has had the actual possession, which is -prima fade evidence of title. Butin the latter case such evidence is not necessary, nor will the defendant be permitted to controvert the fact, otherwise than by special plea. — 2 Saund. 47" (k). In this case the plaintiff declared upon the possession of the testator, and it was not therefore necessary to produce evidence of having obtained letters of administration.
The judgment must be reversed, and the cause remanded that new proceedings may he had not inconsistent With the foregoing opinion.

 Coleman vs. Hutchinfon, vol. 3, 210 - Stamps vs Beaty, Hard. 337

 Cox vs. Robinfon, vol. 1, 604.